IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HOPE HARPER,

        Plaintiff,

vs.                                                                                           Civ. No. 96-1048 BB/WWD

THE CITY OF ALBUQUERQUE, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

      THIS MATTER comes before the Court upon plaintiff's Second Motion to Compel discovery on Direct Liability Issues and For Sanctions, filed April 3, 1998 [135-1].  Defendants have not submitted a response.  Defendants were ordered to produce material relating to numerous requests for production by January 9, 1998.  The order allowed exceptions for certain privileged documents and other documents to be submitted for *in camera* review.  See Court Order filed December 16, 1998 ("December order") [93].  Plaintiff contends that defendants have only partially complied with this order in responding to *Requests Nos. 8, 9, 10,12, 13, 18, 19* and *28*, notwithstanding efforts to obtain full compliance through correspondence, Mem., Exs. B & D, and two supplemental responses.  Mem., Exs. C & E.

      Based upon a review of defendant's second and third supplemental responses, I do not share plaintiff's solid conviction that defendants have not fully complied with the December order.  For example, plaintiff states that defendants have "not produced *any*" of Sgt. Sauer's applications for employment or annual reviews.  Mem. at 5, 6.  Yet, defendants state in their second supplemental response that Sauer's personnel file was attached and that this included his employment application, and annual reviews.  Mem., Ex. C at 3.  Similarly, defendants state in the third supplemental response that the personnel files of APD staff psychologist Donn Hubler and SWAT Sgt. Mark Heister are also

attached, although plaintiff presently contends that these personnel files have not been produced. See Exs. C, E. *Request No.12* asks for APD statistics and reports on use of non-lethal bean bag or other non-lethal rounds. Defendants' second supplemental response states that they were still trying to determine if they had collected all the documents which were responsive, although some of the documents had already been turned over. Ex. C at 6.

Plaintiff concedes that defendants have produced those documents responsive to *Request No. 28* and which the defendants were ordered to produce.[1] However, plaintiff now suspects that there are pertinent documents from files other than APD files which were never submitted to the Court for *in camera* review. The fact that plaintiff knows of personnel files located elsewhere[2] does not necessarily mean that these files contain information which should have been turned over in compliance with the December court order.

Because defendants have not filed a response, I am unable to determine whether they have in fact fully complied. Further, their failure to respond constitutes consent to grant the motion. See D.N.M. LR-Civ. 7.3(a)(4) and 7.6. For this reason, I am awarding plaintiff the cost and fees incurred in the preparing and filing of this motion. The granting of this motion does not affect those requests or portions of plaintiff's requests which were excepted from production by previous orders. Plaintiff's motion is not granted with respect to several matters which are raised in the present motion but do not come within the purview of the December order.

For some reason, plaintiff's motion includes *Request No.18* in the list of requests in which defendant failed to comply with the court order. Mem. at 2, 12. This request was not among those

---

[1] These documents were submitted *in camera* pursuant to the December order. A subsequent order, entered on January 12, 1998 [99], directed defendants to produce them to plaintiff.

[2] Plaintiff was informed by a city investigator that the City's Human Resource department also kept personnel files.

addressed in my previous order, and therefore I do not address it here.  With respect to *Request No. 19*, my previous order did not require further production by defendants.  However, if documents are missing from those which defendants intended to attach to its second supplemental response, they should complete production of these.  <u>See</u> <u>Mem., Ex. F at 7</u>.  Plaintiff's motion is granted to the extent that defendants shall produce any materials missing from their supplemental responses and within their obligations under my previous order, including documents from files other than APD files over which they have custody and control.   If any files in this category are responsive to *Request No. 28,* they are to be submitted for *in camera* inspection; otherwise, defendants shall provide a statement to plaintiff that there are no additional files responsive to this request.

   **WHEREFORE**,

   **IT IS ORDERED** that plaintiff's Second Motion to Compel discovery on Direct Liability Issues and For Sanctions [135-1] is granted in part;

   **IT IS FURTHER ORDERED** that on or before <u>April 30, 1998</u>, defendants are to produce materials to plaintiff, or to the Court for *in camera* review, as delineated above;

   **IT IS FINALLY ORDERED** that plaintiff is awarded fees and costs for filing this motion, to be paid by defendant on or before <u>April 30, 1998</u>.[3]

_____<br>
UNITED STATES MAGISTRATE JUDGE

---

[3] The parties shall endeavor to stipulate to a monetary amount reflecting reasonable expenses and costs, including attorney's fees, but if unable to do so, plaintiff shall file an application for such costs and fees, supported by time sheets and an attorney's affidavit.