IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HOPE HARPER,

    Plaintiff,

vs.     Civ. No. 96-1048 BB/WWD

THE CITY OF ALBUQUERQUE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon plaintiff's Third Motion to Compel Municipal Liability Discovery, filed April 3, 1998 [139]. Plaintiff seeks information identified in defendants' initial disclosures but not produced and supplemental responses for numerous requests for production.

*Initial Disclosures*

The initial disclosure deadline was extended to January 26, 1998. Order entered Jan. 23, 1998 [104]. Plaintiff claims that two documents are missing from defendants' initial disclosures[1] and also that additional information requested by letter to clarify other listed items still has not been produced. See Mem., Ex. C at 2. The response does not specifically address these materials. Defendants shall produce the missing documents to plaintiff and also provide the additional information regarding defendants' third supplemental response as listed in plaintiff's letter of February 4, 1998. Mem., Ex. C.

---

[1] The missing documents are the Open Space Division Law Enforcement Section, Radio Log for October 13, 1995 and the U.S. West Cellular monthly Statements, identified in defendants' third supplemental initial disclosures, ¶¶ 14 & 16.

*Requests for Production*

Defendants do not dispute that the responses to the requests for production were late by over two weeks or that the response to plaintiff's present motion to compel was untimely served by three days.[2] However, defendants maintain that by the time plaintiff served its motion to compel, they had already either already produced the requested documents or made them available. A supplemental response was to be delivered to plaintiff a few days later. Plaintiff asks the Court to deem defendants' untimely objections as waived, that the Court compel defendants to respond to Requests for Production Nos. 1, 5, 6, 7, 8, 11, 12, 14, 15, 17, 18, 19, 20, 21, 24 and 25 and to supplement Requests Nos. 5, 6, 7, 8, 11, 12, 13, 17, 18, 19, 20, 21 and 23.

Plaintiff's position is technically correct with respect to defendant's untimeliness, but is also somewhat disingenuous. Plaintiff concedes that much of the material which is the subject of the requests for production were also included in defendants' initial disclosures. Mot., ¶ 6. For the first category of requests (nos. 1, 5, 6, 7, 8, 11, 12, 14, 15, 17, 18, 19, 20, 21, 24), there is no way of knowing whether the material produced is insufficient, since plaintiff now contends, based on defendants' untimeliness, that she is entitled to everything she has requested.

Failure to object within the proper time constitutes waiver of the objections. United States v. 58.16 Acres of Land, 66 F.R.D. 570, 571 (E.D.Ill. 1975); see also Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540 (10th Cir. 1984). At the same time, I have the discretion to decline to grant a motion to compel even if a timely objection has not been made "... when the request far exceeds the bounds of fair discovery. . . ." Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D.C.

---

[2] Plaintiff served defendants with the requests for production on February 6, 1998, and the responses as well as any accompanying objections were due by February 20, 1998, pursuant to the January 23rd Order. They were actually served by hand on March 9, 1998.

Mass. 1988); Manildra Mill. Corp. v. Ogilvie Mills, Inc., unpubl. op., 1991 WL 17592, (D.Kan. 1991); Young v. U.S., 149 F.R.D. 199, 206 (S.D.Cal. 1993) (examining whether request sought document clearly privileged under the law). In this case, I approach the problem balancing defendants' inefficiency against plaintiff's hyperbole.

Granting plaintiff's motion unconditionally on the sole basis of defense counsel's ineptitude would allow plaintiff to come into information it would not otherwise be entitled to, either because it does not exist or because defendants have already fully responded with the exception of privileged material.[3] Allowing such a result is not in the interest of justice, nor does it benefit judicial efficiency. Hernandez v. George, 793 F.2d 264, 266 (10th Cir. 1986) (purpose of the local rules is to "facilitate operation of the court"); see also D.N.M.LR-Civ. 1.7 (court has discretion to waive application of local rules). In fact, it might encourage a continuation of plaintiff's avaricious and overreaching discovery conduct. Therefore, I will not grant plaintiff's motion to compel as to a blanket waiver of all of defendants' objections. At the same time, I am not inclined to completely overlook defense counsel's disregard for deadlines, whether they were imposed by court order or by local rule, and whether such disregard results from misplaced arrogance or sheer incompetence. Defendants shall pay plaintiff the cost and fees incurred in filing and preparing the motion to compel.

For the requests in the second category, (Requests Nos. 5, 6, 7, 8, 11, 12, 13, 17, 18, 19, 20, 21 and 23), I have compared plaintiff's contentions regarding defendants' responses, see Reply at 8-10, with defendants' objections, and make the following findings.

---

[3] See, e.g., Request No. 13, which asks for a copy of "every tort claims notice" sent to the City of Albuquerque from 1985-1997, involving excessive force or wrongful death. Defendants state in the response that notices are kept for only approximately three years.

Defendants need not respond further to Requests Nos. 5, 6, 12, 13, and 21. Request No. 8 seeks statistical information regarding police dogs. In addition to what defendants have already produced, they shall also make the individual canine training log books available to plaintiff in order to allow plaintiff to compile and create the statistical information from raw data, covering the period of time from 1992 to 1997. The material requested in Request No. 11, asking for police reports on APD ("Albuquerque Police Dep't") encounters with armed suicidal citizens 1985-1997, is relevant, and perhaps critical to the central issues in this case. Defendant shall produce these documents for the time period from 1992-1997.

Requests Nos. 7, 17, 18, 19, and 20 seek material from personnel files of APD officers or SWAT team members and which concern certain types of complaints and disciplinary action. While these individuals may have an expectation of privacy as to personal matters, the right to confidentially in personnel files is not absolute. Denver Policemen's Protection Assoc'n v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981); Griffith v. Wal-Mart Stores Inc., 163 F.R.D. 4 (E.D.Ky. 1995) (police officers' personnel files in federal civil rights action should be disclosed since, unlike state law, there is no privilege for personnel files under federal law).

The information sought is sufficiently relevant to compel disclosure of the specific documents which are requested. Defendants may expunge the names of individuals from the documents produced as a further safeguard against unnecessary disclosure. Lichtenstein at 437 (relevancy and materiality provide safeguards against unlimited review). Although defendants have already produced Internal Affairs Quarterly Reports dated as far back as 1988, the search for documents from the personnel files will be limited to the 1992-1997 time frame.

I do not find any information on Request No. 23, either in what it asks for, or what

4

defendants' response looked like.  I make no ruling on this request.

**WHEREFORE,**

**IT IS ORDERED** that plaintiff's Third Motion to Compel Municipal Liability Discovery [138] is hereby granted in part;

**IT IS FURTHER ORDERED** that on or before May 4, 1998, defendants are to produce materials to plaintiff, as delineated above;

**IT IS FINALLY ORDERED** that plaintiff is awarded fees and costs for filing this motion, to be paid by defendants on or before May 4, 1998.[4]

                                                                            _____
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[4] The parties shall endeavor to stipulate to a monetary amount reflecting reasonable expenses and costs, including attorney's fees, but if unable to do so, plaintiff shall file an application for such costs and fees, supported by time sheets and an attorney's affidavit.