IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HOPE HARPER, Individually and As Personal
Representative of the Estate of Larry Harper,

        Plaintiff,

vs.                                                          Civ. No. 96-1048 BB/WWD

THE CITY OF ALBUQUERQUE, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon a Motion to Compel Production of Documents Set Forth in Fed. R. Civ. P. 45 Subpoena filed by Defendants and a Motion for Protective Order filed by Plaintiff. The motions were filed July 23, 1998. Attached as Exhibit 6 to Defendants' supporting memorandum are the Written Objection to Subpoena Duces Tecum filed pro se by Philip B. Davis, attorney at law. Item No. 6 of the materials sought by the Davis subpoena reads as follows:

> 6. Any files and all documents contained therein, to which you have access or control regarding any claim that a member of the Albuquerque Police Department used excessive force or hurt a citizen.

Plaintiff contends that Item No. 6 should be time limited; that it is unduly burdensome because it involves materials scattered through 25 bankers' boxes; and that it seeks materials protected by attorney client privilege or attorney work product. Plaintiff also argues that requiring Mr. Davis to search through the 25 boxes in question would "result in a grave injustice." Defendants point out that Attorney Davis will be offered as an expert witness to testify as to "statistics and prior

excessive force by APD" without any limitation as to time.  Defendants agree to limit the time involved to the past ten years.  They also point out that Mr. Davis has executed an affidavit which was served on Defendants and which states,

> I have obtained discovery regarding APD policies and procedures over the course of my career in order to determine whether APD has taken any remedial steps to prevent future cases of excessive force.  I have also obtained relevant information from time to time independent of discovery practices through which I have learned of the operation of the APD Internal Affairs Division.

Defendants contend that they are entitled to review copies of the documents that Mr. Davis references.  Defendants also comment on the Plaintiff's seeking protection after having engaged in "ridiculously far reaching discovery throughout this case."

DISCUSSION.

The completely adversarial positions taken by the parties are well outside of any ball park I am refereeing in.  I will resist the temptation to address the rather obvious problem of having an attorney as an expert who will be utilizing privileged materials in preparing to testify.  Item No. 6 of the Subpoena Duces Tecum will be reformed to read as follows, to wit:

> 6. Any files and/or documents, to which you have access or control and upon which you intend to rely or to which you may refer in your preparation as an expert witness on the subject of the use of excess force by a member of the Albuquerque Police Department.

Defendants shall pay for the reasonable expense of copying the materials in question.  Defendants will not be required to pay for Mr. Davis' time in assembling the above described documents since they should not be required to finance the preparation for trial of Plaintiff's expert.  Subject to the foregoing, the Motion for Protective Order [Docket #229] and the Motion to Compel, etc., [Docket # 231] are granted in part and denied in part.

Discovery shall proceed in accordance with the foregoing.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE