IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HOPE HARPER, Individually and as Personal
Representative of the Estate of LARRY HARPER,
Deceased,

      Plaintiff,

vs.                                                      Civ. No. 96-1048 BB/WWD

THE CITY OF ALBUQUERQUE, ALBUQUERQUE
POLICE DEPARTMENT, CHIEF OF POLICE JOE
POLISAR, Individually in his official capacity and
ED SAUER, Individually and in his official capacity,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court upon Defendants' Motion to Compel Discovery filed August 7, 1998 ( Docket #244).  Allegedly, a Navajo male who was a patient at Charter Heights Behavioral Heal System (hereinafter "Charter") in October, 1995, and might have been Decedent's roommate at Charter told Ken Wells, a PhD consultant to Charter with privileges to practice at Charter in 1995,   that he was upset because he felt responsible for Decedent's death.  The reason given for the "upset" was that the Navajo male had carried on a discussion with the Decedent concerning suicide and putting the police in the position of having to shoot Larry Harper.  On January 23, 1997, in a telephone conversation, Dr. Wells allegedly told Dr. Streed, Defendants' expert, of the conversation he had in 1995 with the unidentified Navajo male.  At the taking of his deposition, Dr. Wells confirmed his conversation with Dr. Streed; however, his recollection of the conversation and of the person originating the call differed from that of Dr.

Streed. At his deposition, Dr. Wells declined to discuss the conversation in detail or to identify the Navajo male claiming that the information was protected by psychotherapist-patient privilege. Charter has made objections to a subpoena served on their records custodian which sought the identity of all male patients present as inpatients at Charter during the time of Larry Harper's stay there. Plaintiff also objects to allowing Defendants to obtain the information they seek citing the psychotherapist- privilege, and 42 U.S.C. §290dd and 42 C.F.R. Plaintiff also argues that the statements of the unknown Navajo male "are irrelevant, unfairly prejudicial, and inadmissible hearsay."

I find that the relationship between Dr. Ken Wells and the unidentified Navajo male is such that the psychotherapist should apply. I also find that the records sought from Charter are protected under 42 U.S.C. §290dd , and that the circumstances are not such as to warrant setting aside this protection by court order. Accordingly, the Defendants' Motion to Compel Discovery should be DENIED.

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE